IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

JOSEPH LONNELL LEWIS,     )
                          )
    Plaintiff,            )
                          )
vs.                       )     Case No. CIV-14-513-R
                          )
OKLAHOMA DEPARTMENT       )
OF CORRECTIONS; LAWTON    )
CORRECTIONAL FACILITY,    )
                          )
    Defendants.           )

## REPORT AND RECOMMENDATION

I. **Complaint.**

Plaintiff, appearing pro se and in forma pauperis, seeks relief under 42 U.S.C. § 1983 from the Oklahoma Department of Corrections and the Lawton Correctional Facility for false imprisonment. Doc. 6.[1]

Plaintiff maintains the "Lawton Correctional facility House me lawfully until Oct. 15, 2011 But held me Hostage on their own Recognise from Said date to Dec. 5, 2011" and the "Department of Correction was informed to No Avail[.]" *Id.* at 3.[2] He claims that his "Judgement and Sentence clearly stated that my case styles were to be ran C. C. To No Avail <u>they</u> were ran C.S." and that when

---

    [1] Citations to Plaintiff's amended complaint and other papers filed in this case reflect this Court's CMECF designation. And, unless otherwise indicated, quotations in this report are reproduced verbatim.

    [2] Because Plaintiff appears pro se, the court construes his pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam).

"Pastor Cynthia D. L. Petties Liberty Abundance mins. took my Judgement and Sentence down to D.O.C. 36th MLK. OKC, OK. Personally They Released me within two hours of her doing so[.]" *Id.* at 2.

Plaintiff requests monetary compensation in the amount of "$52,000.00/$1,000.00 a day for the 52 Days as a hostage[.]" *Id.* at 5.

## II. Procedural background.

United States District Judge David L. Russell referred this matter to the undersigned Magistrate Judge for initial proceedings pursuant to 28 U.S.C. § 636(b)(1)(B), (C). Doc. 3. Consistent with that referral and with the provisions of 28 U.S.C. § 1915(e)(2)(B)(ii), (iii),[3] the undersigned determined that Plaintiff's original complaint – a complaint not filed in this Court until May 2014 but seeking recovery for an alleged constitutional violation ending in December 2011, Doc. 1 – showed on its face that it is barred by the statute of limitations and was, consequently, subject to dismissal on filing for failure to state a claim. Doc. 13.

Nonetheless, because Plaintiff had mailed his original complaint in an envelope bearing the indicia of confinement in Las Vegas, Nevada, and because

---

[3] "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted . . . or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(ii), (iii).

the inception and duration of that confinement and of Plaintiff's previous ability to access the courts was unknown, "it [was] not clear from the face of [Plaintiff's] complaint that no state tolling provision was applicable to cure his timeliness problem . . . ." *Vasquez Arroyo v. Starks*, 589 F.3d 1091, 1097-98 (10th Cir. 2009). So, on July 2, 2014, the undersigned gave Plaintiff "notice and an opportunity to address the issue . . . ." *Id.* at 1098; *see* Doc. 13. The show cause order was returned to the court as undeliverable on July 18, 2014. Doc. 14.

After the undersigned belatedly discovered a notice of address change which Plaintiff had randomly inserted in the middle of his application for in forma pauperis status, *see* Doc. 11, at 3, the show cause order, Doc. 13, was remailed to Plaintiff at his new address at a detention facility in Lincoln County, Nevada. *See* July 24, 2014, staff notes. The undersigned advised Plaintiff that it was his responsibility under Local Civil Rule 5.4 to advise the court of any future change of address and instructed the Clerk of Court to provide Plaintiff with a copy of this Court's local civil rules and with a copy of a change of address form. Doc. 16. And, because the July 28, 2014 due date for Plaintiff's response to the show cause order would expire before the order would reach Plaintiff at his new address in Nevada, the undersigned extended the response deadline to August 18, 2014. *Id.*

On July 30, 2014, the court received a change of address notice from

3

Plaintiff, presumably released from confinement in Nevada, providing a current mailing address at the Liberty Abundance Ministries in Oklahoma City, Oklahoma. Doc. 17. Both the order to show cause, Doc. 13, and the order extending the deadline to respond until August 18, 2014, Doc. 16, were remailed to Plaintiff at that address on August 12, 2014. *See* August 12, 2014, staff notes.

To date, Plaintiff has neither responded to the show cause order, nor has he requested an extension of the August 18, 2014 deadline. Nor have the court's mailings to Plaintiff's current Liberty Abundance Ministries address been returned to the court. "Papers sent by the court will be deemed delivered if sent to the last known address given to the court." LCvR5.4(a).

### III. Analysis.

#### A. Plaintiff's claims against the Oklahoma Department of Corrections.

The Eleventh Amendment bars Plaintiff's claim for damages from the Oklahoma Department of Corrections.

"The ultimate guarantee of the Eleventh Amendment is that nonconsenting States may not be sued by private individuals in federal court." *Bd. of Trustees of Univ. of Ala. v. Garrett*, 531 U.S. 356, 363 (2001). "[T]he [Oklahoma Department of Corrections] is an arm of the state and should be entitled to absolute immunity." *Eastwood v. Dep't of Corr. of Okla.*, 846 F.2d

4

627, 632 (10th Cir. 1988). An exception exists when the State waives its Eleventh Amendment immunity, *see Alden v. Maine*, 527 U.S. 706, 755 (1999), or if Congress abrogates it. *See Garrett*, 531 U.S. at 363. Neither exception applies here. The State of Oklahoma has not waived its Eleventh Amendment immunity. *See* Okla. Stat. tit. 51, § 152.1(B) ("[I]t is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution"). And, Congress did not abrogate the States' Eleventh Amendment immunity through the enactment of 42 U.S.C. § 1983. *See Quern v. Jordan*, 440 U.S. 332, 345 (1979). The undersigned recommends the dismissal without prejudice of Plaintiff's claims against the Oklahoma Department of Corrections.

### B. Plaintiff's claims against the Lawton Correctional Facility.

The undersigned also recommends the dismissal, here, with prejudice, of the remaining Defendant named by Plaintiff, the Lawton Correctional Facility. "[A] detention facility is not a person or legally created entity capable of being sued." *Aston v. Cunningham*, No. 99-4156, 2000 WL 796086, at *4 n.3 (10th Cir. Jun. 21, 2000) (unpublished op.).

### C. The period of limitations has expired and amendment of the complaint is futile.

Plaintiff identifies various individuals in his amended complaint – by name or title – to whom he complained about his continued confinement despite

5

having served his sentences. Doc. 6. Nonetheless, any amendment of the complaint to assert personal-capacity claims would be futile. According to the face of Plaintiff's amended complaint, his false imprisonment ended on December 5, 2011, when he was released from custody. *Id.* at 3, 5. Nonetheless, he waited some two and a half years before filing his complaint on May 19, 2014.

The law governing a determination of the timeliness of Plaintiff's action is long-settled. "State statutes of limitations applicable to general personal injury claims supply the limitations periods for § 1983 claims, but federal law governs the time of accrual of § 1983 claims." *Beck v. City of Muskogee Police Dep't,* 195 F.3d 553, 557 (10th Cir. 1999) (citations omitted). Here, Oklahoma's two-year statute applies to Plaintiff's claims. *See Meade v. Grubbs*, 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95(A)(3). "Since the injury in a § 1983 case is the violation of a constitutional right, such claims accrue when the plaintiff knows or should know that his or her constitutional rights have been violated." *Beck*, 195 F.3d at 557 (quotation omitted). "Under federal law, the false imprisonment claim accrued when the false imprisonment ended." *Titsworth v. Okla. Dep't of Corr.*, 561 F. App'x 746, 747 (10th Cir. 2014) (citing *Wallace v. Kato*. 549 U.S. 384, 389 (2007)). In the absence of equitable tolling, because Plaintiff's claims accrued no later than December 5, 2011, the statute of limitations on these claims expired in December 2013, approximately five

6

months before he filed his complaint.

> Oklahoma permits tolling in limited circumstances:
>
> The first circumstance is the existence of a legal disability, which has been applied in cases where a plaintiff's competency is impaired or where the plaintiff has not yet reached the age of majority. The second circumstance is when defendants engage in false, fraudulent or misleading conduct calculated to lull plaintiffs into sitting on their rights. [Finally,] in the appropriate case, exceptional circumstances may justify tolling a statute of limitations.

*Young v. Davis*, 554 F.3d 1254, 1258 (10th Cir. 2009) (quotations, alterations, and citations omitted). Oklahoma's exceptions to a statute of limitations "are strictly construed and are not enlarged on consideration of apparent hardship or inconvenience." *Resolution Trust Corp. v. Grant*, 901 P.2d 807, 813 (Okla. 1995). A plaintiff bears "the burden of establishing a factual basis for tolling the statute." *Aldrich v. McCulloch Props., Inc.*, 627 F.2d 1036, 1041 n.4 (10th Cir. 1980).

Here, when given the opportunity to explain why the court should toll the statute of limitations in this case, Plaintiff failed to do so. And, considering the allegations in his amended complaint, Doc. 6, "[t]here is nothing about these factual circumstances that would trigger tolling under Oklahoma law - no legal disability, no fraudulent concealment, and no exceptional circumstances." *Young*, 554 F.3d at 1258. Rather, Plaintiff was released from confinement on December 5, 2011, and was presumably free to immediately file suit for the

7

alleged false imprisonment.[4] It is clear from the face of Plaintiff's complaint that he is unable to state a claim for false imprisonment on which relief can be granted against *any* defendant.

**IV.     Recommendation and notice of right to object.**

For the reasons stated, the undersigned Magistrate Judge recommends the dismissal without prejudice of Plaintiff's claims against the Oklahoma Department of Corrections and the dismissal with prejudice of Plaintiff's claims against the Lawton Correctional Facility. The undersigned further recommends the dismissal of Plaintiff's amended complaint for failure to state a claim upon which relief can be granted.

The Court advises the parties of their right to object to this report and recommendation by the 22nd day of September, 2014, in accordance with 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). The Court further advises the parties that failure to make timely objection to this report and recommendation waives their right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

---

[4] The undersigned notes that Plaintiff's confinement in a Clark County, Nevada detention facility did not prevent him from filing a bare-bones complaint in this case. *See* Doc. 1.

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter.

ENTERED this 2nd day of September, 2014.

_____
SUZANNE MITCHELL
UNITED STATES MAGISTRATE JUDGE